# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-5047-02-CR-S-BP |
| | ) | |
| DANIEL A. CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant Daniel A. Crawford filed a Motion to Dismiss Count 5 of the Indictment, (Doc. 41), in this case, alleging that as a matter of law the rifle cited in the Indictment to charge Defendant with Count 5 fails to satisfy the statutory definition of a firearm under 18 U.S.C. § 921(a)(3). (*Id.*) Alternatively, Defendant argues the rifle could not have been used in furtherance of the criminal act alleged under 18 U.S.C. § 924(c) because the rifle was "broken" and inoperable on the day of the alleged offense. (*Id.*) On June 1, 2016, the Court held a hearing on the Motion. (*See* Doc. 49.) Defendant was present with his attorney, John Applequist. The United States was represented by Josephine Larison. During the hearing, the Court received and heard testimony from Detective Tycher Blakely of the Vernon County Sheriff's Office and Task Force Officer ("TFO") Jason Schanot of the Joplin Police Department. For the reasons set forth below, it is hereby **RECOMMENDED** that the Motion to Dismiss the Indictment, (Doc. 41), be **DENIED**.

## I.  Findings of Fact[1]

On January 23, 2015, Detective Tycher Blakely and other officers with the Vernon County Sheriff's Office executed a search warrant on the Defendant's truck.  During the course of the search, officers discovered a cooler behind the driver's seat.  Inside the cooler was a Mountain Arms .22 rifle and ammunition.  At that time, the firearm was in two-pieces.  According to Detective Blakely, the firearm is typically used in hiking and can be broken and reassembled quickly.  Detective Blakely testified that he was able to reassemble the gun in less than a minute.

Jason Schanot, a detective with the Joplin Police Department and a TFO for the Bureau of Alcohol, Tobacco, Firearms and Explosives, was also involved in the investigation of the Defendant.  Specifically, he conducted the function test on the Mountain Arms .22 rifle recovered pursuant to the search warrant executed on January 23, 2015, and wrote up the necessary paperwork on that firearm.  The function test occurred on October 26, 2015.  For the test, the gun, which was in two-pieces, was reassembled in a matter of seconds.  TFO Schanot then fired 2 rounds to make sure it functioned as designed, and it did.  Though the test was conducted in October 2015, TFO Schanot's report was not made available to Defendant until after he filed the instant Motion in April 2016.

On December 7, 2015, the Government filed a six-count Indictment alleging in Count 5 that on or about January 22, 2015, Defendant knowingly possessed a firearm, a Mountain Arms .22 caliber rifle, in furtherance of the offense of conspiracy as noted in Count 1 and in furtherance of the offense of possession with intent to distribute meth as noted in Count 4 of the Indictment, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1.)  Count 1 of the Indictment alleges

---

[1] The facts set forth herein are taken from testimony adduced at the hearing on the instant Motion and the exhibits admitted during the hearing.   A hearing transcript appears as Doc. 49, and the parties' exhibit lists appear as Docs. 47, 48.

2

that Defendant, along with a Defendant Marklee Bogart, knowingly and intentionally conspired to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). (*Id.*) Further, Count 4 alleges on or about January 22, 2015, Defendant knowingly and intentionally possessed, with intent to distribute, five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Defendant was arrested for these charges on December 17, 2015.

## II. Discussion

Defendant makes two arguments in support of his Motion. First, he argues the rifle recovered from Defendant's truck was "broken" on the date of the conduct charged in the indictment, and fails to meet the statutory definition of a firearm under § 921(a)(3). (Doc. 41.) Though Defendant appeared to have abandoned that argument at the hearing, the Court will address it here nonetheless. In the alternative, Defendant argues the rifle could not have been used "in furtherance of" the offenses charged in Counts 1 or 4, as a matter of law, because the rifle was "broken" and could not "embolden" or intimidate anyone. (*Id.*)

### a. Statutory Definition as a Matter of Law

The statutory definition of a firearm is "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; (D) or any destructive device." 18 U.S.C. § 921(a)(3). Prior to the hearing, Defendant argued the "disassembled rifle was 'broken' and would not fire as of the date of the offense charged in Count 5." (Doc. 41.) Therefore, Defendant contended the item was not a firearm under the statutory definition, and could not be considered for purposes of a § 924(c) charge.

3

The Court first notes that at the time Defendant filed the Motion to Dismiss on April 26, 2016, Defendant had not yet received the report of the test fire for the firearm cited in Count 5. (Doc. 49.) However, the evidence received by the Court at the hearing made clear to Defendant and the Court that Defendant's original argument fails. (*Id.*) It is within the jury's purview to decide whether the prosecution has sufficiently charged the "[e]lements of a crime" and have proven them "beyond a reasonable doubt." *United States v. O'Brien*, 560 U.S. 218, 224 (2006). Facts are elements of the crime that must be submitted to a jury. *Jones v. United States*, 526 U.S. 227, 232 (1999). Whether the firearm meets the statutory definition of under § 921(a)(3) is a fact finding question reserved for the jury, and thus the Court cannot decide that matter.

However, assuming the Court could rule on the status of the weapon being classified as a firearm under the statute, the evidence shows the weapon is likely a firearm. Specifically, the Court finds the testimony of Detective Blakely and TFO Schanot regarding their findings of the rifle's condition and convertibility are persuasive. (*See* Doc. 49.) TFO Schanot testified he function-tested the weapon on October 26, 2015, firing "two rounds of the firearm to make sure that it did function as designed and it did." (*Id.*) Both witnesses testified to the rifle's quick convertibility and ease of concealment. (*Id.*) Courts have consistently held that weapons in such conditions meet the statutory definition of a firearm under § 921(a)(3). *See United States v. York*, 820 F.2d 885, 891 (8th Cir. 1987) (gun that was inoperable and incapable of firing qualified under § 921(a)(3)); *see also United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009) (reaffirming the holding in *York.*). Because Defendant has conceded this issue and the case law is clear, Defendant's first argument fails and does not warrant dismissal of Count 5, though the Court is not making a ruling on the status of the weapon.

### b. "In Furtherance of"

The Defendant also contends the rifle in question could not, as a matter of law, been used in furtherance of the offenses alleged in Counts 1 and 4. (Doc. 41.)  Specifically, Defendant argues the weapon, at the time of the offense, could not be used "in furtherance" of the conspiracy because the condition of the firearm in its "broken" state would not "embolden the perpetrator or intimidate other parties." (*Id.*)  However, this issue is outside the province of this Court to decide.

A § 924(c) conviction requires the government to present evidence of a "nexus" between the defendant's possession of the charged firearm and the drug crime. *United States v. Hamilton*, 332 F.3d 1144, 1150 (8th Cir. 2003.)  This jurisdiction adopts the "plain meaning" view of the phrase "in furtherance of" in relation to a drug trafficking offense. *United States v. Kent*, 531 F.3d 642 (8th Cir. 2008).  The statute does not mandate the firearm advance the crime, but requires "that the person possesses the gun with the intent of advancing the crime." (*Id.*)  A defendant cannot be guilty under a § 924(c) charge without the government first proving "that the defendant committed a 'crime of violence' or a 'drug trafficking' crime." *United States v. Hawkins,* 59 F.3d 723, 729 (8th Cir. 1995).

Here, Defendant relies on the fact that the rifle was in a "broken" position in a portable cooler, and therefore argues, it could not be possessed "in furtherance of" of a conspiracy as the basis for a dismissal. (Doc. 41.) However, the evidence established that the firearm was not "broken," but rather was a hiking rifle that was in two pieces that could be reassembled in a matter of seconds. (*See* Doc. 49.)  In order to determine this issue, the Court would have to, essentially, have a trial and hear all of the evidence regarding the alleged drug trafficking offenses and conduct of Defendants.  That is not the function of this Court at the pretrial stage.

5

Whether a firearm was possessed "in furtherance of" a drug trafficking offense is an element of the offense with which Defendant is charged and is a fact-finding matter for the jury to decide. *See, e.g.*, *United States v. Gauldin*, 515 U.S. 506, 514-15 (1995) (the jury finds the facts of the case and determines the elements of an offense);  *see also* Eighth Circuit Model Jury Instructions 6.18.924C (2014 edition) (listing "in furtherance of" as an element of the offense of possession of a firearm in furtherance of a drug trafficking offense).  As such, Defendant's second argument also fails and Count 5 need not be dismissed.

## III.     Conclusion

Therefore, based on all the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1 of the United States District Court for the Western District of Missouri, the undersigned hereby **RECOMMENDS** that Defendant's Motion to Dismiss Indictment, (Doc. 41), be **DENIED**.

**IT IS SO ORDERED.**

*/s/ David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: <u>August 4, 2016</u>